IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIO RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3052 |
| | ) | |
| vs. | ) | PRISONER PAYMENT ORDER |
| | ) | and |
| UNIT CASE WORKER ROSEVTHAL, | ) | ORDER ON INITIAL REVIEW |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, a prisoner, has filed a civil complaint (filing no. 1) and a motion to proceed in forma pauperis ("IFP") (filing no. 2). The plaintiff is permitted to proceed IFP.

**Prisoner Payment Order**

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner is required to pay the full amount of the court's $250 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP.[1]  28 U.S.C. § 1915(b).  "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co.,173 F. Supp.2d 951 (D. Neb. 2001).

Ordinarily, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of the plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint.  However, in this case, despite a request from the Clerk of Court, the plaintiff's institution has failed to provide the court with the plaintiff's trust account information.  In that situation, the court is to determine an appropriate initial partial filing fee based on the information available to the court.  The only information available concerning the plaintiff's financial condition appears in Case No. 4:05cv3247 and suggests that the plaintiff may have no funds presently available to pay an initial partial filing fee in any amount.  However, the law addresses that problem as set forth below.

---

[1] THE "THREE STRIKES" RULE**:**  If this action is later dismissed as frivolous, malicious, or for failure to state a claim, then the dismissal can count against the prisoner for purposes of the "three-strikes" rule in 28 U.S.C. § 1915(g).  The three-strikes rule means that if a prisoner's complaints are dismissed on 3 occasions as frivolous, malicious, or for failure to state a claim, the prisoner may not proceed in forma pauperis thereafter in future complaints and appeals, unless, pursuant to the only exception to this rule, the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1

First, 28 U.S.C. § 1915(b)(4) states:

> In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

Second, the normal assumption that an initial partial filing fee will be paid at the outset of the case is suspended. See generally Jackson v. N.P. Dodge Realty Co., 173 F. Supp.2d 951, 957 n. 9 (D. Neb. 2001). Instead, "the whole of the ... filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).

Pursuant to 28 U.S.C. § 1915(b)(2), the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the monthly payments and forward them to the Court. See 28 U.S.C. § 1915(b):

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Therefore, the plaintiff is assessed the whole of the $350 filing fee, but he is not required to pay an initial partial filing fee at this time. Instead, the entire filing fee will be collected in installments according to the formula set forth above, as funds exist in the plaintiff's inmate trust account. The Clerk of Court shall send a copy of this Order to the appropriate financial official at the plaintiff's institution. The plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co.,173 F. Supp.2d 951 (D. Neb. 2001) .

### Initial Review

Also before the court is filing no. 8, the plaintiff's Motion for forms to enable the U.S. Marshal to serve the defendants on the plaintiff's behalf. The plaintiff's Motion is granted, and the Clerk of Court will send the plaintiff the appropriate forms.

The complaint, which is written in Spanish, has been translated for the court by a certified court reporter. The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging excessive force as follows:

> Testimony about what happened on 09-04-2003 when I was beaten by some employees of the (L.C.C.) prison. This happened on September 4, 2003.

> This is more or less an explanation of the abuse committed against me by the employees, unit caseworker Rosenthal and Cpl. June. Well, that day I had finished my job in the kitchen. When I headed towards my living unit, I was wearing my white kitchen clothing. I asked the worker, caseworker Rosenthal, to open the door to my room for me, but he didn't do that. He spoke to me telling me to go towards him. We were discussing why he would open the door for me, but he didn't do that. He had Cpl. June handcuff me. He didn't have to do that. I started out of the unit in the direction of the unit's mini-patio (B) when Cpl. June suddenly attacked me from behind, smashing me against the restraining mesh. He then threw me to the floor, smashing me into the floor very hard. On the floor caseworker Rosenthal also attacked me, making me bleed from my face and shoulder and leaving a scar. I also received internal injuries to my ribs. They put me in the control unit for 30 days and docked me 15 days' good time. I was also treated me a doctor. I also have witnesses. Evidence, Of. Koch, Of. Bono, Jose Herrera  This was personal discrimination. That's all for the moment. Thank you for your help.

The Defendants

The complaint does not specify whether the defendants, Rosevthal and June, are sued in their "individual capacity," "official capacity," or both capacities. When not specified, the law presumes that a government employee is sued *only* in an official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

Meaning of "Official Capacity"

A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a State employee, in his or her official capacity, is in reality a claim against the State itself, as the entity that employs the officer. See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

Amendment to the Complaint

Thus, presently, there is only one defendant in this case, the State of Nebraska. That is because the defendants, in their official capacity, are the legal equivalent of the State. If suing the defendants, in their official capacity *only*, is not the plaintiff's intent, he may file a letter or short amendment to the complaint within 30 days of the date of this Order, specifying that the defendants are sued in their individual capacity or in both their individual and official capacities. If the plaintiff does amend his complaint to sue the defendants in their individual capacity or in both capacities, he shall request additional summons forms and Form 285s. That is because government employees are served in

different locations in their individual and official capacities

## PLRA

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance procedures before filing this lawsuit, the plaintiff's claims may be subject to dismissal without prejudice. I note that the plaintiff has not attached any grievances to his complaint.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages.

This case is assigned to the docket of Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be summarily dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will undertake service of process, after the plaintiff completes the appropriate forms.

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiff's motion to proceed IFP, is granted, and the plaintiff's filing fee will be collected in the manner set forth in 28 U.S.C. § 1915(b)(2) as funds exist in his inmate trust account;

2. That filing no. 8, the plaintiff's Motion for forms to enable the U.S. Marshal to serve the defendants on the plaintiff's behalf is granted;

3. That the Clerk of Court shall send a copy of this order to the appropriate official at the plaintiff's institution;

4. That the Clerk of Court shall provide the plaintiff with a copy of this order and ONE summons form along with ONE Form 285 for service of process on the State of Nebraska (i.e., the defendants in their official capacity);

5. That when completing the forms for service of process, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General;" **the address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509**;

6. That the plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court, as in the absence of the completed forms, service of process cannot occur; upon receipt of the completed forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint (which the court will copy for the plaintiff), to the U.S. Marshal for service of process; the Marshal shall serve the summons and complaint without payment of costs or fees; service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal;

7. That Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint; however, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process; the plaintiff is hereby notified that failure to obtain service on a defendant within 90 days of the date of this order may result in dismissal of this matter without further notice as to such defendant;

8. That a defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint; after a defendant enters an appearance, the plaintiff must serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future communication to the court; parties usually serve copies of documents on other parties by first class mail;

9. That the plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to each defendant or the attorney of any represented defendant; failure to do so violates court rules; and

10. That the parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court; and the plaintiff must keep the court informed of his current address at all times while this case is pending, as failure to do so may result in dismissal.

DATED this 11th day of May, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge