IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIO RAMOS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3052 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CASE WORKER ROSEVTHAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 12, the defendants' Motion to Dismiss the complaint filed by the plaintiff, Julio Ramos, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). The plaintiff, who is proceeding pro se and in forma pauperis ("IFP"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that he was severely beaten on September 4, 2003, by a corrections officer who used excessive force. The plaintiff does not speak or write English.

**Eighth Amendment**

The Eighth Circuit Court of Appeals explained the principles governing prisoner claims of excessive force in Treats v. Morgan, 308 F.3d 868, 872 (8th Cir. 2002), as follows: "The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers, Whitley v. Albers, 475 U.S. 312, 319 ... (1986), regardless of whether an inmate suffers serious injury as a result. Hudson v. McMillian, 503 U.S. 1, 9 ... (1992). Officers are permitted to use force reasonably 'in a good-faith effort to maintain or restore discipline,' but force is not to be used 'maliciously and sadistically to cause harm.' Id. at 7.... Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship

1

between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. Id.  See also Hickey v. Reeder, 12 F.3d 754, 758 (8th Cir. 1993)."  Accord Fillmore v. Page, 358 F.3d 496, 503-10 (7th Cir. 2004).

## Duplicate Cases

This case must be dismissed, but not for the reasons advanced by the defendants. Having reviewed the court's records, it appears that this case is a duplicate of Case Nos. 4:06cv3158, 4:06cv3159 and 4:06cv3165, filed by the plaintiff regarding the same incident, persons, claims and issues.  On February 12, 2007, I issued a Memorandum and Order in Case Nos. 4:06cv3158, 4:06cv3159 and 4:06cv3165 taking the following measures:

First, I explained that a plaintiff has no right to maintain multiple cases on the same subject in the same court, against the same defendant(s) at the same time.  Also, such duplication of claims risks inconsistent outcomes and wastes judicial resources.

Therefore, I dismissed the second and third filed cases, namely, Case No. 4:06cv3159 against Case Worker Welch, and Case No. 4:06cv3165 against CPL. June, leaving only Case No. 4:06cv3158 on my active docket.

Third, I granted the plaintiff leave to add Case Worker Welch and CPL. June to Case No. 4:06cv3158, and gave the plaintiff until March 15, 2007 to file an Amended Complaint adding those defendants to the caption of the Amended Complaint in Case No. 4:06cv3158.

Finally, I directed the financial officer for the plaintiff's institution to stop collecting any filing fees for Case Nos. 4:06cv3159 and 4:06cv3165.  I directed the financial staff for the court to credit any funds collected thus far in Case Nos. 4:06cv3159 and 4:06cv3165

to the filing fee owed in Case No. 4:06cv3158, the only one of the three cases to remain on the court's active docket.

Now that I have discovered yet another action with overlapping claims, facts, law, prospective witnesses, context and all other facets of the litigation, i.e., the above-entitled case, I shall take the same measures I took with respect to the other duplicate Case Nos. 4:06cv3159 and 4:06cv3165.  In addition, I will ask the court's recently hired certified translator to translate a copy of this Memorandum and Order into Spanish so that the Clerk of Court may file the translation and send it to the parties as soon as possible after the English version has been filed and served by the Clerk.

THEREFORE, IT IS ORDERED:

1. That the above-entitled case is dismissed without prejudice as a duplicate of Case No. 4:06cv3158 in virtually all important respects;

2. That a separate judgment will be entered in this case accordingly;

3. That filing no. 12, the defendants' Motion to Dismiss, is granted in part and denied in part; the case is dismissed but for the reasons stated above;

4. That the plaintiff is reminded that he has until March 15, 2007, unless he requests more time, to file an Amended Complaint in Case No. 4:06cv3158 adding Case Worker Welch and CPL. June as defendants in that litigation; the plaintiff does not have to move for leave to amend the complaint, as leave to amend has been granted; the plaintiff shall state in his Amended Complaint whether all three defendants (Rosevthal, Welch and June) are sued in their individual capacities, official capacities or both capacities;

5. That the Clerk of Court shall send a copy of this Memorandum and Order to

the financial officer for the plaintiff's institution as notice to cease collection of all filing fees for the above-entitled case; the plaintiff's institution and the court's financial staff are directed to credit any funds remitted to date in the above-entitled case to the filing fee owed for Case No. 4:06cv3158;[1]

6. That the Clerk of Court shall file and mail this Memorandum and Order immediately, but the court's translator is requested at her earliest convenience to provide the court with a Spanish version of this Memorandum and Order; that translated version shall be filed and mailed upon receipt by the court; the Clerk of Court shall provide the translator with a copy of this Memorandum and Order immediately after it has been docketed so that the translation may begin.

DATED this 12th day of March, 2007.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

---

[1] Thus far, it appears that $8.00 has been collected in the above-entitled Case No. 4:06cv3052. That amount shall be applied to the plaintiff's fee obligation in Case No. 4:06cv3158, and no more funds shall be collected and remitted for Case No. 4:06cv3052.