EN EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
DISTRITO DE NEBRASKA

JULIO RAMOS                                    )
       Demandante,                    )   4:06CV3052
vs.                                            )   DECLARACIÓN
                                                                                                 Y FALLO

TRABAJADOR SOCIAL ROSEVTHAL,
e. al.,
       Demandados.

Se somete este asunto a conocimiento del juez mediante el escrito No.12, a saber, la solicitud de los demandados para que se desestime la denuncia planteada por el demandante, Julio Ramos, un preso bajo la custodia del Departamento de Servicios Penitenciarios de Nebraska (siglas en inglés: "DCS"). El demandante, quien se apersona *pro se* e *in forma pauperis* (abreviado "IFP"), hace valer sus derechos civiles federales de conformidad con la norma 42 U.S.C. §1983 y alega que el 4 de setiembre de 2003 recibió una severa golpiza por parte de un guardia penitenciario quien se excedió en el uso de la fuerza. El demandante no sabe hablar ni escribir el idioma inglés.

**Octava Enmmienda**

El Octavo Circuito de Apelaciones en Treats v. Morgan, 308 F 3d 868, 872 (8º Cir. 2002) explica de la manera siguiente los principios que han de regir las demandas que los presos plantean con motivo del uso excesivo de la fuerza: "La Octava Enmienda protege a los presos contra el daño innecesario e injustificado que le inflijan los guardias penitenciarios, Whitley v. Albers, 475 U.S.312, 319 ... (1986), independientemente de si

1

el preso sufrió lesiones serias como resultado de ello. Hudson v. McMillian, 503 U.S.1, 9 ... (1992). A los guardias se les permite utilizar la fuerza de manera razonable 'cuando de buena fe intentan mantener el orden o restablecer la disciplina,' pero no se deberá emplear la fuerza de manera 'maliciosa y sádica para causar daño.' Id. 7 ... Con el fin de determinar si la fuerza se empleó de forma razonable deben tomarse en cuenta factores como si existía la necesidad objetiva de ejercer la fuerza, la relación entre esa necesidad y la magnitud de la fuerza empleada, la amenaza que razonablemente percibieron los guardias penitenciarios, las medidas que tomaron los guardias para atemperar la severidad de tan contundente reacción, y el grado de lesiones que sufrió el preso. Id. Ver también Hickey v. Reeder, 12 F 3d 754, 758 (8º Cir. 1993)." Acorde Filmore v. Page, 358 F. 3d 496, 503-10 (7º Cir. 2004).

**Identidad de procesos**

Debe rechazarse esta demanda, no por las razones que señalan los imputados, sino porque después de revisar los expedientes del Tribunal, se ha constatado que esta causa es una repetición de las causas Nos.4:06cv3158, 4:06cv3159 y 4:06cv3165 que el demandante presentó con relación al mismo hecho, contra las mismas personas, y con idénticas pretensiones y cuestiones. El 12 de febrero de 2007 emití una resolución en los casos Nos.4:06cv3158, 4:06cv3159 y 4:06cv3165 en que se indicaba lo siguiente:

En primer lugar, expliqué que un demandante no tiene derecho de tramitar al mismo tiempo múltiples causas donde haya identidad de elementos, es decir, con el mismo objeto, ante el mismo juzgado o tribunal y contra el mismo demandado o demandados. Asimismo, cuando hay duplicidad de las demandas, se corre el riesgo de que se produzcan resultados contradictorios y se desperdician los recursos de los tribunales.

2

Por lo tanto, yo desestimé las causas segunda y la tercera, a saber, la Causa No. 4:06cv3159 contra el Asistente Social Welch y la Causa No. 4:06cv3165 contra CPL. June, y sólo conservé activa en mi lista de causas la No. 4:06cv3158.

En tercer lugar le permití al demandante agregar al Asistente Social y el CPL. June a la Causa No. 4:06cv3158, y le di de tiempo al demandante hasta el 15 de marzo de 2007 para que presentara una Ampliación a la Demanda donde se agregaran esos acusados al encabezado de la Ampliación de la Demanda en la Causa No. 4:06cv3158.

Por último, di instrucciones al funcionario del departamento financiero de la institución donde se encuentra el demandante para que no se cobraran las tarifas de presentación de las Causas Nos. 4:06cv3159 y 4:06cv3165.  También instruí al personal del departamento financiero del tribunal para que los fondos recibidos hasta ahora en las Causas Nos. 4:06cv3159 y 4:06cv3165 se acrediten a la tarifa de presentación que se debe en la Causa No. 4:06cv3158, la única causa de las tres que todavía está activa en la lista de procesos que lleva este tribunal.

Ahora acabo de descubrir otra demanda que presenta identidad de pretensiones, hechos, normas, posibles testigos, contexto y demás elementos de la demanda, a saber, la causa que aparece en el encabezado de este documento, con respecto a la cual procedo a tomar las mismas medidas que con las otras Causas repetidas, las Nos. 4:06cv3159 y 4:06cv3165.  Además solicitaré que la traductora certificada que el tribunal contrató recientemente traduzca una copia de estos documentos de Declaración y Fallo al español para que la Secretaría del Tribunal incorpore la traducción al expediente y se la envíe a las partes lo antes posible después de haber archivado y haberles notificado la versión en inglés.

3

POR TANTO:

1. Se rechaza la demanda en forma definitiva por cuanto duplica la Causa No. 4:06cv3158 en prácticamente todos sus elementos esenciales;

2. De conformidad con lo aquí dispuesto, la sentencia se emitirá por aparte;

3. Se declara parcialmente con lugar, y se deniega en parte la petitoria de desestimación interpuesta por los demandados en el escrito archivado con el No. 12; se rechaza la demanda interpuesta en esta causa pero por las razones arriba indicadas;

4. Se le recuerda al demandante que tiene hasta el 15 de marzo de 2007, a menos que solicite más tiempo, para presentar la Ampliación de la Demanda en la Causa No. 4:06cv3158 solicitando se agreguen el Asistente Social Welch y CPL. June como co-demandados en ese proceso. El demandado no tiene que solicitar la aprobación para ampliar la demanda ya que la ampliación de la demanda ha sido aprobada. En su Ampliación de la Demanda, el demandante deberá indicar si a los tres demandados (Rosevthal, Welch y June) se les está demandando en su condición de individuos, en su condición de funcionarios en ejercicio de sus deberes o en ambas condiciones;

5. La Secretaría del Tribunal deberá enviar copia de esta Decalración y Fallo al encargado del departamento financiero de la institución donde se encuentra el demandante para notificarle el cese de recaudación de la tarifa de interposición de la demanda de la causa supra citada; se ordena a la institución del demandante y al personal del departamento financiero del tribunal que acrediten cualquier fondo pagado hasta la fecha en la causa supra citada a lo que se deba por la presentación de la Causa No.

4

4:06cv3158;[1]

6. La Secretaría del Tribunal deberá incorporar esta Declaración y este Fallo al expediente de inmediato, pero se le solicita a la traductora del tribunal que en cuanto le sea posible, le entregue una versión en español de esta Declaración y Fallo al tribunal; una vez que el tribunal reciba la versión traducida, ésta deberá incorporarse al expediente y enviarse; la Secretaría del Tribunal deberá entregarle a la traductora una copia de esta Declaración y Fallo inmediatamente después de incorporarla en el expediente para que se pueda empezar la traducción.

DADO el día 12 de marzo de 2007.

POR EL JUEZ:

f/Joseph F. Bataillon

JOSEPH F. BATAILLON

Juez Presidente del Distrito

---

[1] A la fecha parecieran haberse recaudado $8.00 en la Causa No. 4:06cv3052 supra citada. Esa cantidad deberá usarse para pagar la tarifa que debe el demandante en la Causa No. 4:06cv3158, no deberán recolectarse ni enviarse más fondos para la Causa No. 4:06cv3052.